**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000529
22-JUN-2020
07:43 AM

NO. CAAP-18-0000529

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KATHERINE DUDOIT, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAIʻI,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. JR No. 1DAA-18-00009)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Petitioner-Appellant Katherine Dudoit (**Dudoit**) appeals from the "Decision and Order Affirming Administrative Revocation and Dismissing Appeal" (**D&O**) entered by the District Court of the First Circuit, Honolulu Division, State of Hawaiʻi,[1] on May 29, 2018, and the "Judgment on Appeal" (**Judgment**) entered by the district court on May 30, 2018.  We affirm.

## BACKGROUND

On February 19, 2018, Honolulu Police Department (**HPD**) officer Jared Spiker was on patrol duty.  At 2:35 a.m., Officer Spiker observed a vehicle being driven mauka on Piʻikoi Street, toward the intersection with Kapiʻolani Boulevard.  The vehicle slowed down as it approached the intersection on a green light; Officer Spiker observed nothing in the road that would make the vehicle slow down.  The traffic light turned yellow, then red.

---

[1]    The Honorable James S. Kawashima presided.

The vehicle drove through the red light and turned left onto Kapiʻolani Boulevard.  Officer Spiker effectuated a traffic stop. He identified the driver as Dudoit.  He smelled a strong odor of an alcoholic beverage on Dudoit's breath, and he saw that Dudoit's eyes were red, glassy, and watery, and her face was flushed.  Dudoit told Officer Spiker that she was pregnant and should not have been drinking, but she had two beers.  Officer Spiker noted that her speech was slurred.  Another HPD officer, Mitchell Cadina, performed a field sobriety test, which Dudoit failed.  Officer Spiker arrested Dudoit for driving under the influence of an intoxicant.  Dudoit refused to take either a breath test or a blood test after being informed of the potential sanctions.  Officer Spiker issued a notice of administrative revocation of Dudoit's driver's license to her.

On February 26, 2018, a review officer at the Administrative Driver's License Revocation Office (**ADLRO**) issued a notice to Dudoit that her driver's license was revoked from March 22, 2018, to March 21, 2020.  On March 6, 2018, Dudoit filed a notice that attorney Guy S. Matsunaga (**Matsunaga**) was representing her.  Also, on March 6, 2018, Matsunaga filed a request for administrative hearing on behalf of Dudoit, and, on the same day, the ADLRO issued a notice of administrative hearing and served Dudoit through Matsunaga.  The administrative hearing was set for April 4, 2018.

On April 2, 2018, Dudoit applied for an ignition interlock permit.  The ADLRO issued an ignition interlock permit to Dudoit on April 3, 2018.

Dudoit did not appear for her April 4, 2018 administrative hearing.  Instead, Matsunaga appeared and filed a request for continuance of the hearing with the hearings officer. Matsunaga claimed that he did not receive the March 6, 2018 notice of hearing, and that he first found out about the hearing date on April 2, 2018, when he filed Dudoit's application for the ignition interlock permit.[2]  Matsunaga confirmed that the service

---

[2]     Matsunaga also claimed to have been unable to obtain subpoenas for the police officers because he was in Japan the week before the hearing (when the subpoenas should have been applied for) but that fact is not relevant

(continued...)

address on the notice of administrative hearing was his office address.  Matsunaga made no representation to the hearings officer about Dudoit's availability for the hearing, nor did he offer an explanation for Dudoit's absence.  The hearings officer denied the request for continuance and received the sworn statements and other documents into evidence.

The hearings officer issued a hearing decision on April 9, 2018, that sustained the administrative revocation.  Dudoit filed a petition for judicial review on May 9, 2018.  The D&O was filed on May 29, 2018, and the Judgment was filed on May 30, 2018.  This appeal followed.

## DISCUSSION

We review the district court's decision to affirm the administrative revocation of a driver's license to determine if the district court was right or wrong in its decision.  McGrail v. Admin. Dir. of Courts, 130 Hawaiʻi 74, 78, 305 P.3d 490, 494 (App. 2013).  The district court's review is limited to the record of the administrative hearing and the issues of whether the director:

> (1)   Exceeded constitutional or statutory authority;
>
> (2)   Erroneously interpreted the law;
>
> (3)   Acted in an arbitrary or capricious manner;
>
> (4)   Committed an abuse of discretion; or
>
> (5)   Made a determination that was unsupported by the evidence in the record.

Id. (citing Hawaii Revised Statutes (**HRS**) § 291E-40(c) (2007)).

Dudoit's sole argument on appeal is that the ADLRO hearings officer abused his discretion by denying her request to continue the administrative hearing.  HRS § 291E-38 (Supp. 2017) provides, in relevant part:

---

[2](...continued)
because Matsunaga claims to have first found out about the hearing date after he returned from Japan.

> (j)     For ***good cause shown***, the director[3] may grant a continuance either of the commencement of the hearing or of a hearing that has already commenced. . . . For purposes of this section, a continuance means a delay in the commencement of the hearing or an interruption of a hearing that has commenced, other than for recesses during the day or at the end of the day or week.  The absence from the hearing of a law enforcement officer or other person, upon whom personal service of a subpoena has been made as set forth in subsection (g), constitutes good cause for a continuance.

(Emphasis added.)  "'Good cause' depends upon the circumstances of the individual case, and a finding of its existence lies largely in the discretion of the officer or court to which the decision is committed." Chen v. Mah, 146 Hawaiʻi 157, 178, 457 P.3d 796, 817 (2020) (cleaned up) (quoting Doe v. Doe, 98 Hawaiʻi 144, 154, 44 P.3d 1085, 1095 (2002) (discussing Hawaiʻi Family Court Rules Rule 59(a))).  The Hawaiʻi Supreme Court has stated:

> It is not possible to provide one definition of "good cause," as standards governing whether "good cause" exists depend not only upon the circumstances of the individual case, but also upon the specific court rule at issue.  This is because in addition to HRCP [Hawaiʻi Rules of Civil Procedure] Rule 55(c) at issue in this case and HFCR [Hawaiʻi Family Court Rules] Rule 59(a) referenced above, there are numerous court rules in which the phrase "good cause" appears.  Many of these rules use the phrase "good cause" in contexts that differ from the "good cause" required to set aside an entry of default pursuant to HRCP Rule 55(c), and address different policy considerations dictating stricter or more lenient definitions of "good cause" or differing approaches on how to determine whether "good cause" exists depending on the court rule and circumstances at issue.

Id. at 178, 457 P.3d at 817 (footnotes omitted).

In another case involving a requested continuance of a hearing on the administrative revocation of a driver's license, the supreme court held: "As a general rule, 'good cause' is defined as 'a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.'" Farmer v. Admin. Dir. of Court[s], 94 Hawaiʻi 232, 237, 11 P.3d 457, 462 (2000) (citations omitted).  In this case, Dudoit failed to

---

[3]     HRS § 291E-1 (2007) defines "director" as "the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation[.]"

appear at the administrative hearing.  It is not material whether or not Matsunaga received the notice of hearing; he conceded being notified of the April 4, 2018 hearing date on April 2, 2018, when he filed Dudoit's ignition interlock application. Yet, Matsunaga did not represent to the hearings officer that he did not, or could not, notify Dudoit of the hearing date, or that he notified Dudoit of the hearing date but she could not appear due to no fault of her own.  Matsunaga offered no explanation for Dudoit's absence.  Had Dudoit attended the hearing she could have testified on her own behalf, and then requested a continuance if she wished to subpoena the police officers to testify.  The record shows the following exchange:

> [Hearings Officer:] Further, I've heard no reasons why your client is not here if you wish for her to testify.  I still have not heard good reasons why she's not here.
>
> MR. MA[T]SUNAGA: Well, I just had thought that I would -- I mean this has been the policy for a while and I had thought that I would just fill out the continuance for the reasons stated before and then have her present if she -- if she could appear. But, my -- my Request for a Continuance was denied.  So, if that's your decision, then, we will proceed how we have to.
>
> [Hearings Officer]: Okay.  And, I -- it's just I want to make the record clear that your client should appear to [sic] these hearings if you wish for her to testify.  And, in this case, I have not -- I have not heard good cause again why this case should be continued either for Respondents [sic] to appear or for the subpoenas of any other witnesses.
>
> The mere fact that this is a first hearing and that you just assumed that it would not go forward is misguided.

Because Dudoit failed to appear at the administrative hearing and her attorney offered no reason or explanation for her non-appearance, we hold that the hearings officer did not exceed statutory or constitutional authority, erroneously interpret the law, act in an arbitrary or capricious manner, abuse his discretion, or make a determination that was unsupported by the evidence in the record when he denied Dudoit's request to

continue the administrative hearing.  The district court was not wrong to affirm the hearings officer's decision to deny a continuance after Dudoit failed to appear at the hearing without explanation.

## CONCLUSION

For the foregoing reasons, the "Decision and Order Affirming Administrative Revocation and Dismissing Appeal" entered by the district court on May 29, 2018, and the "Judgment on Appeal" entered by the district court on May 30, 2018, are affirmed.

DATED: Honolulu, Hawaiʻi, June 22, 2020.

On the briefs:

Jonathan Burge,
for Petitioner-Appellant.

Dawn E. Takeuchi-Apuna,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge